UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW RILEY,** on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE |
| **METEOR SEALING SYSTEMS, LLC,** | ) ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | ) ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Matthew Riley, by and through counsel, for his Complaint against Defendant, Meteor Sealing Systems, LLC, states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

3. Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed by Defendant within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff' claims occurred here.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant as an hourly employee within this district and division.

8. Defendant is an Ohio Limited Liability Company and can be served through its registered agent Thorston Conrad at 400 S. Tuscarawas Ave., Dover, Ohio 44622.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

10. Defendant's hourly employees included Plaintiff and those similarly situated to him. At all relevant times, Plaintiff and those similarly situated were "employees"

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Hourly Employees' Compensation**

12. Plaintiff and those similarly situated to him are current or former hourly employees of Defendant.

13. Plaintiff and those similarly situated to him frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

14. Plaintiff and those similarly situated to him were not paid all of the overtime compensation they earned.

**Defendant Required Its Hourly Employees To Perform Unpaid Pre-Shift Work**

15. Plaintiff and those similarly situated to him regularly began work for the day up to 15 minutes before their scheduled start time but, pursuant to Defendant's uniform companywide policy, did not start getting paid until their scheduled start time.

16. Specifically, pursuant to a uniform company-wide policy, hourly employees were required to report to their station up to 15 minutes before their scheduled shift to perform shift transition and preparatory work.

**Defendant's Unlawful Rounding**

17. In addition to not being paid for the pre-shift and post-shift activities described herein, Defendant had a uniform, company-wide improper time rounding policy that always rounded in Defendant's favor, resulting in unpaid work time. This improper rounding practice results in its employees losing credit for time actually worked.

**Defendant Fails To Include Non-Discretionary Bonuses
In Its Employees' Regular Rate of Pay**

18. Additionally, Plaintiff and others similarly situated were paid non-discretionary bonuses, including attendance bonuses, which were not calculated into their regular rates for purposes of calculating overtime compensation.

3

19. The FLSA and Ohio law mandate that non-discretionary bonuses be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

22. Defendant's current and former hourly workers who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

23. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

25. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **OHIO CLASS ACTION ALLEGATIONS**

26. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself other similarly situated current or former employees employed by Defendant within the last two years.

27. Defendant's current and former hourly workers who are "similarly situated" to Plaintiff with respect to Defendant's violations of Ohio law consist of:

> All present and former hourly employees of Defendant during the period two years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

28. This class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the putative class but, upon information and belief avers that each consists of at least 40 employees.

29. There are questions of law or fact common to the putative class including: whether: (1) Defendant failed to pay its employees for their pre- and/or post-shift activities and whether this practice resulted in the underpayment of overtime; (2) whether Defendant's rounding practice resulted in the underpayment of overtime; and, (3) whether Defendant failed to include non-discretionary bonuses into calculating the regular rate for the purposes of overtime compensation.

30. Plaintiff will adequately protect the interests of the putative class members (collectively the "Ohio Class"). His interests are not antagonistic to but, rather, are in unison

with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

31. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the Ohio Class as a whole and predominate over any questions affecting only individual class members.

32. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is being filed along with this Complaint, and is attached as **Exhibit A**.

35. The FLSA requires that non-exempt employees be paid at a rate of one and one half times their regular rate for every hour worked in excess of 40 in a workweek.

36. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

37. Instead, Defendant had a companywide policy of failing to pay its employees for all time worked from the time they clocked in until their scheduled start time.

38. Defendant also maintained an illegal rounding practice. Specifically, Defendant always rounded in Defendant's favor, resulting in unpaid work time. This improper rounding practice resulted in its hourly employees losing credit for time actually worked.

39. Further, Defendant failed to include certain non-discretionary bonuses, including attendance bonuses, in its employee's regular rate for purposes of calculating overtime compensation. This resulted in the underpayment of overtime premiums.

40. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

41. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Violations of the OMFWSA)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

44. Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly-situated to perform off-the-clock pre-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated. This illegal practice resulted in the underpayment of overtime.

45. Defendant also violated Ohio law by not accounting for certain non-discretionary bonuses, including attendance bonuses, in its employee's regular rate for purposes of computing overtime compensation. This illegal practice resulted in the underpayment of overtime premiums.

46. Defendant violated Ohio law by maintaining an illegal rounding policy under which an employee always loses credit for time actually worked. This illegal practice resulted in underpaid overtime premiums.

47. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-half times their correct regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

48. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated Ohio law.

49. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

50. As a result of Defendant's practices, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23 consisting of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff and the putative FLSA Opt-Ins and Ohio Class;

D. Award compensatory damages to Plaintiff, the putative FLSA Opt-Ins, and the Ohio Class in the amount of their unpaid wages as well as awarding Plaintiff and the FLSA Opt-Ins liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

Nilges Draher LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Robi J. Baishnab (0086195)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Hans A. Nilges
Counsel for Plaintiff
