UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW RILEY, on behalf of
himself and all others similar situated,

    Plaintiff,

v.

METEOR SEALING SYSTEMS, LLC,

    Defendant.

                                     /

Case No. 5:18-cv-02714-JRA

Hon. John R. Adams

# **AMENDED EXHIBIT 1 TO DKT #33**

# Exhibit 1

## Proposed Settlement Agreement

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

This Collective Action Settlement Agreement and Release ("Agreement") is made by and between Meteor Sealing Systems, LLC ("Meteor" or "Defendant"), an Ohio corporation and all its respective past, present and future parent companies, subsidiaries, divisions, affiliates, related companies, related entities, principals, officers, managers, directors, employees, stockholders, owners, agents, representatives, attorneys, transferees and assigns, and (individually and collectively, "the Company"); and Matthew Riley, individually and as a representative of others similarly situated, which constitute the Settlement Class (defined below).

## WHEREAS:

1. Matthew Riley ("Plaintiff") filed a lawsuit against Defendant that is currently pending in the U.S. District Court for the Northern District of Ohio, Eastern Division (the "Court") styled *Matthew Riley v. Meteor Sealing Systems, LLC.*, Case No. 5:18-cv-2714 (the "Lawsuit"). As part of the Lawsuit, Plaintiff asserts claims, individually and on a class-wide and collective-wide basis on behalf of himself and other allegedly similarly-situated current and former employees of Defendant, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and Ohio wage and hour law.

2. The Parties have conducted an extensive investigation into the facts and law and have engaged in extensive negotiations relating to the Lawsuit, including a mediation before Michael Unger, Esq., and considering the benefits of the Settlement Agreement and the risks of litigation, have concluded that it is in the best interest of the Parties to enter into the Settlement Agreement. Plaintiff and Class Counsel agree that the Settlement Agreement is fair, reasonable, and adequate with respect to the interests of Plaintiff and the Settlement Class, and should be approved by the Court.

3. Meteor Sealing Systems, LLC vigorously and expressly denies liability, but nevertheless desires to settle the Lawsuit finally on the terms and conditions set forth herein for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by this Lawsuit.

4. The Parties wish to settle the Lawsuit to avoid the uncertainties and risks of trial, to avoid further expenses, inconveniences, and the distraction of burdensome and protracted litigation, and to obtain the payments, releases, orders, and judgments contemplated by this Settlement Agreement so as to settle and put to rest totally and finally all matters that were raised, or could have been raised, in the Lawsuit.

**NOW, THEREFORE**, in consideration of the covenants and agreements set forth below, Meteor and Plaintiff, on behalf of himself and the Settlement Class, agree to the settlement of the Lawsuit, subject to Court approval, under the following terms and conditions:

**1.** **Settlement Type and Amount.** The Parties agree to a Settlement Amount of three hundred sixty-seven thousand five hundred dollars ($367,500.00) ("Settlement Amount"). For tax purposes, the Parties agree Settlement Awards will be: (a) 50 percent taxable, wage income paid

under Internal Revenue Service ("IRS") Form W-2 and subject to ordinary payroll withholdings under federal and state law, and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. Defendant will make all required employer contributions with respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts will not be deducted from the Settlement Amount. The Parties agree that, if the Court declines to certify the Class under Rule 23, as stipulated to by the parties, then Defendant shall have no obligation to make the Settlement Payment unless and until the Parties have amended this Agreement to provide for an alternative and mutually agreeable method of certification of the Class, and any other necessary changes to the Agreement.

**2.** **Allocation:** The Settlement Amount shall be used to pay, and shall be deemed to be inclusive of: (a) Plaintiff's attorneys' fees, which shall not exceed a maximum of one-third (1/3) of the Settlement Amount; (b) Plaintiff's litigation expenses and costs; (c) a Service Payment to Named Plaintiff Matthew Riley in the amount of Seven Thousand Five Hundred ($7,500.00); and (d) the Net Settlement Fund ("NSF") (which shall be calculated by deducting the payments set forth in (a), (b), and (c) herein) to be distributed to all members of the Settlement Class as outlined in **Exhibit A**.

**3.** **No Admission of Liability.** Meteor enters into this Settlement and executes this Agreement with no admission of liability and only to compromise an employment dispute.

**4.** **Settlement Class.** The Parties shall request from the Court, for settlement purposes only, certification of a "Settlement Class" pursuant to both Federal Rule of Civil Procedure 23 and Rule 216(b) of the FLSA, and defined as: All present and former hourly employees of Defendant during the period three years preceding the filing of the Lawsuit to the date the class/collective action is approved, and who worked more than 40 hours in one or more workweeks; the identities of whom have been provided by Meteor and are listed in Exhibit A, further defined below. Plaintiff and Opt-in Plaintiffs are members of the Settlement Class. The Parties stipulate that Plaintiff's counsel, Hans Nilges and Robi Baishnab of Nilges Draher LLC, shall be appointed as Class Counsel, subject to approval by the Court. The Parties have agreed that, for purposes of the FLSA collective action and claims asserted in the Lawsuit, the Settlement Class shall be defined as set forth above. This settlement requires and contemplates release of all federal and state wage and hour claims, including FLSA and Ohio law. Because all class members and payments have been identified, the parties agree to utilize Rule 23 exclusively for the purposes of notice, release of claims and not requiring opt-in process of 216(b). For any class member who is deemed to have not received notice, the parties agree that no claims as to those are released. Should the Court not approve the certification process as requested, the parties agree to supplement or amend the certification request within 30 days.

**5.** **BMC Group, Inc. as Claims Administrator.** The Parties agree that Claims Administration and distribution of payments will be handled by BMC Group, Inc. ("BMC" or "Claims Administrator") and that Meteor shall bear all costs of such Administration. Within five (5) business days from the date of preliminary approval of the Settlement, Plaintiff's counsel will provide the Claims Administrator with the names and last-known addresses of Plaintiff and each Opt-in Plaintiff to date. The Claims Administrator will use from its own records the names and last-known addresses of the remaining Settlement Class Members and create a proposed Class List, which will be created within seven (7) days of preliminary approval. The Class List, excluding addresses, and

2

schedule of payments to each Settlement Class Member will comprise Exhibit A. The Claims Administrator shall mail the Class Notices, defined below, within fourteen (14) calendar days of receipt of the Class List. The Claims Administrator will perform a National Change of Address search at the outset. The Claims Administrator will use all methods in its control to obtain forwarding addresses and forward returned mail to ensure that Class Notices are sent to all Settlement Class Members. With respect to returned Class Notices, the Claims Administrator will use reasonable diligence to obtain a current mailing address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope. The Claims Administrator shall provide status by close of business, Friday, of each week during the Claims Administration.

6. **Payment Schedule:** Within seven (7) days of the Effective Date of this Agreement, Defendant will pay the Settlement Amount in full. Specifically, Defendant will send payment of attorney's fees and costs in the amount of $134,140.86, which is included in the Settlement Amount (and not in addition to it), Plaintiff's Class Settlement payment and Plaintiff's Service Payment to Plaintiff's counsel to Plaintiff's counsel at 7266 Portage Street, N.W., Suite D, Massillon, OH 44646. Defendant will send to each remaining Class Member who has not opted out their respective payment as outlined in the Class List and Exhibit A. The Effective Date means thirty-one days (31) days after the Court's Final Order and Judgment Entry approving the Settlement.

7. **Releases of claims by Plaintiff.** Matthew Riley agrees to release all wage-related claims as alleged in his Complaint, and execute a separate general release of any and all claims, including but not limited to wage and hour claims, and including but not limited to any and all claims under any state or federal law, regulation, rule and any and all claims and rights arising out of his employment with Meteor, as a condition of this Settlement Agreement. However, this Release does not include any claim for workers' compensation arising from Plaintiff's employment with Meteor, claims for unemployment, or claims that cannot be released or waived as a matter of law.

8. **Release of Claims by Class Members.** Class Members who have not opted out of the Settlement Agreement as set forth below, and each of their respective past and present executors, administrators, representatives, agents, heirs, successors, assigns, and trustees, will be deemed to have unconditionally, irrevocably, and completely released and forever discharged Meteor and its former, current and future subsidiaries, owners, sister companies, affiliates and all of their respective past, present and future owners, shareholders, managers, members, partners, officers, directors, employees, agents, insurers, attorneys, successors and assigns ("Released Parties") from any and all claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and all counterpart state law claims made against Meteor in the Lawsuit up to the Effective Date of this Settlement Agreement. The claims that are the subject of this Section are collectively hereinafter "Released Claims." Entry of final judgment and final approval of the Settlement will extinguish all Released Claims as against the Released Parties, and upon entry, the Class Members who have not opted out of the Settlement Agreement shall have fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons. Notwithstanding the foregoing, nothing in this Settlement Agreement is intended to operate as, nor shall be construed as, a release or waiver of any rights and/or claims that cannot be released or waived as a matter of law.

9. **Covenant Not to Sue.** Matthew Riley, Opt-In Plaintiffs, and any Class Member who otherwise does not opt out in accordance with this Settlement Agreement shall be enjoined from prosecuting

any legal proceeding against Meteor with respect to the claims encompassed by the Lawsuit and released pursuant to this Settlement Agreement. The Court shall retain jurisdiction to enforce the judgment, releases, and bar to suits contemplated by this Settlement Agreement. The Settlement Agreement may be pleaded as a complete defense to any action or claim commenced that is released by this Section.

**10. Parties to Recommend Approval and Class Participation.** Plaintiff and Class Counsel agree to recommend approval of this Settlement Agreement by the Court and to recommend participation in the Settlement Agreement by members of the Settlement Class. The Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of the Settlement Agreement, to secure the Court's approval. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement, requests for exclusion from the Settlement, or appeal from the Court's judgment.

**11. Preliminary Approval by the Court.** With fourteen (14) days of that this Agreement is fully executed, Plaintiff through Class Counsel shall move the Court for preliminary approval of the Settlement Agreement and all proposed forms, orders and judgments, including but not limited to this Settlement Agreement, all of which shall be included in and filed with the motion, in the manner directed by this Settlement Agreement. Meteor shall join in that Motion.

**12. Class Notice.** Members of the Settlement Class will have forty-five (45) calendar days from the mailing of the Class Notice to opt-out of settlement, as outlined below in Paragraph 13. Plaintiffs' and Defendant's counsel will facilitate the claims process as administrated by the Claims Administrator –BMC– and provide telephone and email access to respond to questions regarding Settlement. Included in the weekly status provided by BMC, will be a list of all such telephone or email inquiries. Requests to opt-out may be submitted to BMC via U.S. mail, fax, and/or email. Included in the weekly status provided by BMC, will be a list of all such requests to opt-out. If any Settlement Class Member does not opt-out and for whatever reasons, does not cash his or her settlement check within 180 days after the check is issued, the amount of that check will be distributed as a *cy pres* payments Community Legal Aid Services, Inc., located at 401 Market Avenue North, Canton OH 44702.

**13. Opt-Out Period; Exclusion from Settlement.** Settlement Class Members who wish to exclude themselves from the Settlement (i.e. "opt out") must submit to BMC, not later than forty-five (45) days after the date that the Claims Administrator first mails the Class Notice, a written request to be excluded from the Settlement. Requests for exclusion may be submitted to the Claims Administrator via U.S. mail, fax, and/or email at the following addresses: BMC Group, Attn: Meteor Sealing Systems, PO Box 90100, Los Angeles, CA 90009 or meteor@bmcgroup.com . An eligible Settlement Class Member who submits a timely request for exclusion will not participate in or be bound by the Settlement or the Judgment in any respect. Persons who submit a timely and valid request for exclusion will not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

**14. Objections to the Settlement**. Settlement Class Members who wish to object to the Settlement must submit to the Clerk of the Court and serve counsel for each Party, not later than forty-five (45) days after the date the Claims Administrator first mails the Class Notice, a written

4

statement objecting to the Settlement and setting forth the grounds for the objection. Any objections must state: (1) the Settlement Class Members' full name; (2) address; (3) specific reason(s) for the Settlement Class Member's objection and any legal support for the position. This statement must also indicate whether the Settlement Class Member intends to appear and object to the Settlement at the Final Approval Hearing. Notices and written objections, if any, shall be sent to Plaintiff's/Class Counsel at the following address: Nilges Draher LLC, 7266 Portage Street, N.W., Suite D, Massillon, OH 44646. Notices and written objections, if any, shall be sent to defense counsel at the following address: Miller Canfield, 150 West Jefferson, Suite 2500, Detroit, MI 48226, addressed to Richard W. Warren.

**15. Class Counsel to be provided with Final Report**. The Claims Administrator shall, no later than fourteen (14) calendar days after the notice period is complete, the Claims Administrator shall deliver to Class Counsel, via the e-mail address rbaishnab@ohlaborlaw.com a separate list of the names and addresses of all Class Members who have submitted documents indicating that they wish to object to the Settlement; and a separate list of the names and addresses of any Class Members who have requested to be excluded from the Settlement.

**16. Cooperation in Seeking Court Approval of Settlement.** Within ten (10) days of the close of the 45-day notice period, the Parties will file a Joint Motion for Final Approval of the Settlement. The Parties agree to work diligently to ensure that all necessary documents are timely filed for the hearing and that they comply with Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b). Prior to the Fairness Hearing, and unless otherwise ordered by the Court, Meteor will file with the Court a Declaration verifying that the Class Notice was distributed to the Class Members in the form and manner approved by the Court. At the Fairness Hearing, the Parties will request that the Court, among other things: (i) approve the Settlement Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not opted out; (ii) determine that adequate Notice was provided to the Class Members; (iii) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Settlement Agreement; (iv) dismiss the Complaint and the Lawsuit with prejudice and without further fees or costs to any Party; and (v) enter a General Judgment of Dismissal with Prejudice.

**17. Waiver of Right to Reinstatement.** Matthew Riley hereby expressly waives recall and/or reinstatement to any position with Meteor. Matthew Riley agrees that Meteor has no obligation to rehire, recall or reemploy him in any capacity.

**18. Consultation with Counsel.** Plaintiff and Defendant admit and acknowledge that they were advised to consult with an attorney before signing this Agreement. Plaintiff and Defendant state that if they decide to sign this Agreement, that such decision is knowing and voluntary and was not induced by any party to this agreement or any employee or agent of a party to this agreement, through fraud, misrepresentation or a threat to withdraw or alter the offer to provide the consideration described above.

**19. Effect of Failure to Grant Approval of Settlement Agreement.** In the event this Settlement Agreement is not approved by the Court, or is reversed on any appeal, the Settlement Agreement and the certification of the Lawsuit as a collective action shall become null and void and have no further force and effect whatsoever, and the Parties shall be restored without prejudice

5

to their respective positions as if the Settlement Agreement and application for its approval had not been made. If the Court refuses to approve the Settlement Agreement, or if the Court's order approving the Settlement Agreement is reversed on appeal, the Settlement Agreement and any negotiations, statements, communications or proceedings relating thereto, and the fact that the Parties agreed to the Settlement Agreement, shall be without prejudice to the rights of the Settlement Class or Meteor, shall not be used for any purpose whatsoever in any subsequent proceeding in this action or any other action in any court or tribunal, and shall not be construed as an admission or concession by any Party of any fact, matter or allegation. The Parties further agree to jointly move the Court to vacate all orders issued pursuant to the Settlement Agreement in the event the Settlement Agreement is not approved by the Court, is reversed on any appeal, or is terminated by any Party as allowed herein.

**20. Documents and Discovery.** Within one hundred and twenty (120) days after the date the Court approves the Settlement Agreement, Class Counsel shall return to Defendant's Counsel all documents and data produced by Meteor in connection with the Lawsuit, or destroy said documents and data. Class Counsel shall certify to Meteor their good-faith efforts to comply with this provision.

**21. Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement.

**22. Binding Effect.** This Settlement Agreement shall be binding upon the Parties and, with regard to Meteor, its successors and/or assigns, and with respect to the Plaintiff and Class Members, their spouses, children, representatives, agents, heirs, administrators, executors, beneficiaries, conservators, trustees, and assigns.

**23. Arm's Length Negotiations and Transaction.** The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length. All terms and conditions of this Settlement Agreement in the exact form set forth in this Settlement Agreement are material to this Settlement Agreement and have been relied upon by the Parties entering into this Settlement Agreement.

**24. Captions.** The captions or headings of the Sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**25. Construction.** The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties. Each Party participated jointly through counsel in the drafting of this Settlement Agreement, and therefore the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**26. Continuing Jurisdiction.** Except as otherwise stated, the Court shall retain jurisdiction over the implementation of this Settlement Agreement as well as any and all matters arising out of, or

related to, the implementation of this Settlement Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Settlement Agreement.

**27. Waiver and Modification.** No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

**28. Best Efforts.** The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims. Class Counsel, Plaintiff, Meteor, and Defendant's Counsel consider the settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including responding to any objectors, intervenors, or other persons seeking to preclude the final approval of this Settlement Agreement.

<b><u>PLEASE READ THIS AGREEMENT CAREFULLY.</u></b>

I have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

IN WITNESS WHEREOF, the undersigned has executed this Agreement on the date shown below.

DATED: _____

Plaintiff Matthew Riley

DATED: _Sep. 9th, 2019_

Name: Katsumi Saito
Title: President
Meteor Sealing Systems, LLC.

34368298.1\158161-00001

related to, the implementation of this Settlement Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Settlement Agreement.

**27. <u>Waiver and Modification</u>.** No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

**28. <u>Best Efforts</u>.** The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims. Class Counsel, Plaintiff, Meteor, and Defendant's Counsel consider the settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including responding to any objectors, intervenors, or other persons seeking to preclude the final approval of this Settlement Agreement.

### **PLEASE READ THIS AGREEMENT CAREFULLY.**

I have read the foregoing Agreement and agree to the provisions it contains and hereby execute it voluntarily with full understanding of its consequences.

IN WITNESS WHEREOF, the undersigned has executed this Agreement on the date shown below.

DATED: 9/6/2019

_____
Plaintiff Matthew Riley
(DocuSigned by: F3A7100C5B7A46C...)

DATED: _____

_____
Name: _____
Title: _____
Toyoda Gosei North America on behalf of Meteor Sealing Systems, LLC.

34364679.2\158161-00001

7