IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MATTHEW RILEY,** on behalf of himself and others similarly situated, | ) ) ) |
| | ) CASE NO. 5:18-cv-2714 |
| Plaintiff, | ) ) ) JUDGE JOHN R. ADAMS |
| v. | ) ) **FINAL ORDER AND JUDGMENT** |
| | ) **ENTRY FOR FINAL APPROVAL** |
| **METEOR SEALING SYSTEMS LLC**, | ) **OHIO RULE 23 CLASS ACTION** |
| | ) **SETTLEMENT** |
| Defendant. | ) |

Representative Matthew Riley (the "Representative Plaintiff"), and Defendant Meteor Sealing Systems LLC ("Defendant") have moved the Court to approve, as fair and reasonable, that portion of the Ohio Rule 23 Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of Ohio Rule 23 Class Action Settlement Agreement ("Joint Motion for Approval"), the Declaration of Defendant Meteor appended thereto,[1] and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. On November 21, 2018, the Representative Plaintiff Matthew Riley filed this Action, alleging that Defendant violated the FLSA and the Ohio overtime statute by failing to

---

[1] *See* ECF No. 36.

pay Representative Plaintiff and other similarly situated employees all of their overtime compensation.[2]

3. On January 9, 2019, Defendant filed its Answer to Plaintiff's Complaint.[3]

4. On January 17, 2019, Plaintiff filed a Motion for Conditional Certification pursuant 29 U.S.C. § 216(b).[4] Defendant filed its opposition on February 14, 2019, and Plaintiff filed his Reply in Support on February 21, 2019.[5]

5. At the March 5, 2019, Case Management Conference, the Parties agreed to an informal exchange of discovery and a private mediation in an effort to resolve this matter without further litigation.

6. Defendant provided daily punch times and compensation for Representative Plaintiff and the entire putative class members, from January 2016 through May 2019, as well as providing additional discovery. Plaintiffs' Counsel engaged a consultant to evaluate the records.

7. The Parties engaged in mediation on June 28, 2019, with well-respected mediator Mike Ungar, and the Parties reached a settlement in principle at that time.

8. On September 6, 2019, the parties filed a Joint Motion for Final Approval of FLSA Settlement and Joint Motion For Preliminary Approval Of Ohio Rule 23 Class Action Settlement.[6]

9. On September 11, 2019, the Court granted Final approval of the Fair Labor Standards Act Class settlement portion, and granted Preliminary Approval of the Ohio Rule 23 Class Settlement portion, including class counsel, the proposed payments, and class notice.[7]

---

[2] ECF No. 1.
[3] ECF No. 7.
[4] ECF No. 11.
[5] ECF Nos. 20 and 24.
[6] ECF Nos. 33 and 35.

10.     The Parties' Motion for Final Approval of the Ohio Rule 23 Class Settlement was filed on November 28, 2019.[8]

11.     The issues in this case were contested.  A Settlement Agreement was achieved after hard-fought, arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, and with the aid of a very experienced third-party neutral.

12.     Defendant Meteor has filed with the Court a Declaration verifying that the Class Notice was distributed to the members of the Ohio Rule 23 Class in the form and manner approved by the Court.

13.     The Court finds that the members of the Ohio Rule 23 Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Civ. R. 23 and due process.

14.     As to Representative Plaintiff and the Ohio Rule 23 Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Matthew Riley is an adequate representative of the Ohio Rule 23 Class in that he is a member of the class and possesses the same interests and suffered the same injuries as the class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Ohio Rule 23 Class are

---

[7] ECF No. 34.
[8] ECF No. 36.

commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

15. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

16. The Court approves the method of calculation and proposed distribution of settlement payments. The total Settlement Payment, after deduction of the Service Award to Representative Plaintiff, attorneys' fees, and litigation reimbursements to Plaintiff's Counsel, is to be distributed to the Representative Plaintiff and members of the Class, which are listed as Exhibit A to the Parties' September 6, 2019 Joint Motion.[9] The Court orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

17. The Court approves the Service Award to Representative Plaintiff in recognition of his service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

18. The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

19. Because there were no objections, and to conserve judicial resources and eliminate unnecessary expense, the Court hereby VACATES the January 23, 2020 Fairness Hearing.

20. The Court DISMISSES THIS ACTION WITH PREJUDICE.

---

[9] *See* ECF Nos. 33 and 35.

21. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

22. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

23. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this __2nd__ day of __December__, 2019.

/s/ John R. Adams
Honorable John R. Adams
United States District Court Judge